NOT DESIGNATED FOR PUBLICATION

No. 116,194

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LYLE M. HAMMER, d/b/a
HAMMERHEAD SUPPLY,
*Appellee*,

v.

BRENT MERANDA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wallace District Court; SCOTT SHOWALTER, judge. Opinion filed December 8, 2017. Affirmed in part, reversed in part, and remanded with directions.

*Adam C. Dees*, of Vignery & Dees L.L.C., of Goodland, for appellant.

*Etta L. Walker*, of Sharon Springs, for appellee.

Before SCHROEDER, P.J., MCANANY and POWELL, JJ.

PER CURIAM: Brent Meranda appeals the district court decision to grant Lyle M. Hammer, d/b/a Hammerhead Supply (Hammer), judgment based on Meranda's nonpayment for 50 bags of corn seed delivered to Meranda's farm. Meranda raises four issues: (1) The evidence was insufficient to support the judgment; (2) the district court improperly determined the interest rate was 1.5% per month; (3) the district court improperly granted Hammer prejudgment interest; and (4) the district court abused its discretion in denying Meranda's motion for a new trial.

1

We have carefully reviewed these four issues and have determined, as more fully explained herein, the district court did not abuse its discretion or commit any errors on three of the four issues. However, we find the district court erred in determining there was an agreement to pay interest on the unpaid balance at 1.5% per month. Instead, the prejudgment interest should be imposed at the statutory rate of 10% per annum until judgment and at the judgment rate thereafter until paid. We affirm in part, reverse in part, and remand for the journal entry to be corrected to reflect the prejudgment and postjudgment interest rates.

FACTS

Hammer alleges he sold Meranda 50 bags of Syngenta corn seed in 2012. The price was $245.85 per bag, subject to a 7% volume discount for a total cost of $11,432.02. Meranda denies ordering or agreeing to purchase seed from Hammer. According to Hammer, the seed was delivered on April 13, 2012. Hammer contacted Meranda multiple times requesting payment including billing him periodically; however, Meranda did not pay. On March 10, 2015, Hammer filed a limited action in district court to recover the costs of the seed and interest. Meranda denied receiving any seed from Hammer in 2012. He claimed Hammer delivered seed in 2013 but did not request payment or require his signature. Meranda asserted he only used Channel Bio seed purchased from Floyd Blackwell, Jr., to plant in 2012.

Blackwell testified Meranda purchased 104 bags of Channel seed in 2012 and 35 bags in 2013. Meranda argued he had enough corn seed to cover his acres in 2012 without any seed from Hammer. The district court found there was virtually nothing on which the parties agreed and found the case essentially came down to credibility. It noted the standard of proof was preponderance of the evidence. The district court stated:

2

"I just can't accept, I guess, that the plaintiff would concoct out of whole cloth his entire story in reference to the 50 bags of corn, and his repeated phone calls, and his repeated invoices, and all of the evidence that has been presented there."

The district court awarded Hammer judgment in the amount of $11,432.02 plus interest at 1.5% per month from the time the seed was delivered to the date the action was filed, and judgment interest from the date the action was filed.

Meranda moved for a new trial, arguing: (1) the verdict was contrary to the evidence; (2) the verdict was procured by corruption of the plaintiff; and (3) the district court erred in granting prejudgment interest at 1.5% per month or 18% annually. The district court denied Meranda's motion, finding the parties had "presented what they believe[d] to be an appropriate case," and the case should not be "retr[ied] . . . over and over." It further found the testimony presented at trial "was dramatic, was substantial on behalf of the plaintiff, and was never adequately countered by [Meranda]."

ANALYSIS

*We do not reweigh the evidence.*

Meranda argues the verdict was contrary to the evidence presented at trial. Specifically, he argues the testimony at trial regarding how many acres he planted and the seed population per acre establish he did not need any seed from Hammer in 2012. When a verdict or trial court decision is challenged for insufficiency of evidence or as being contrary to the evidence, an appellate court does not reweigh the evidence or pass on the credibility of the witnesses. If the evidence, when considered in the light most favorable to the prevailing party, supports the verdict, the verdict will not be disturbed on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 407, 266 P.3d 516 (2011).

3

Meranda argues he would have needed between 107.32 and 115.82 bags of seed for 2012 and between 156.40 and 159.29 bags for 2013. At trial, he presented evidence that he bought 104 bags of Channel seed in 2012 and 35 bags in 2013 from Blackwell, as well as 122 bags of Garst seed in 2013, which he purchased from Larry Watkins, a local Syngenta seed dealer. While Meranda's *estimated* seed usage is close to the number of bags he purchased, his argument fails for the reason stated by the district court when it denied his motion for a new trial:

> "[T]here was never any Algebraic term that could be used to determine how much seed was necessarily used or applied. There was testimony that the seeding amounts vary dramatically between irrigated and dry land between here and in Gove [County]. Quite frankly, the documents presented today and as the other day reflect a lot of things, but they do not necessarily reflect what [defense counsel] would have us believe today, in that A, B, C, D, E reflect there were 147 bags and that's how many were used. And that's how it came about. The testimony wasn't clear in regards to that at all. And quite frankly the testimony that was presented [at trial] in my estimation was dramatic, was substantial on behalf of the plaintiff, and was never adequately countered by [Meranda]."

The district court was not persuaded by Meranda's estimates. It found the determinative question was essentially an issue of credibility and found in Hammer's favor. This court does not reweigh the evidence or pass on the credibility of witnesses. See *Wolfe Electric*, 293 Kan. at 407. When viewed in the light most favorable to Hammer, who prevailed below, the evidence was sufficient to support the verdict.

*Hammer is entitled to prejudgment interest.*

Meranda argues the district court erred in assessing prejudgment interest. He argues Hammer's damages were not liquidated until the time of trial. A district court's decision to award prejudgment interest under K.S.A. 16-201 is reviewed for an abuse of discretion. *Miller v. Botwin*, 258 Kan. 108, 119, 899 P.2d 1004 (1995). A judicial action

4

constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the decision is based on an error of law; or (3) is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

Meranda asserts Hammer's damages were not liquidated until trial because: (1) According to Hammer's invoice, the payment differed depending on the date of payment; and (2) Meranda disputed any money was owed. He fails to adequately argue or explain the point. At best, the point is incidentally raised but not argued. A point raised incidentally in a brief and not argued therein is deemed abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). Meranda has failed to prove an abuse of discretion.

Nevertheless, as Hammer points out, the district court did not err because his damages were liquidated at the time the seed was delivered. The invoice indicated the total amount due was $11,432.03. This was based on a quote prepared in January 2012 with the seed delivered on April 13, 2012. The invoice reflected Meranda received a volume discount of 7%. "A claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or when the same become definitely ascertainable by mathematical computation." *Plains Resources, Inc. v. Gable*, 235 Kan. 580, 583, 682 P.2d 653 (1984). Hammer's claim was ascertainable by mathematical computation and, therefore, liquidated as of the date of delivery. See 235 Kan. at 583. The district court did not err in finding the claim was liquidated, and Hammer was entitled to prejudgment interest.

*No Contract To Pay 1.5% Interest Per Month*

Meranda correctly argues the district court erred in awarding prejudgment interest at a rate of 1.5% per month or 18% per annum. In pertinent part, K.S.A. 16-201 states:

"Creditors shall be allowed to receive interest at the rate of ten percent per annum, when no other rate of interest is agreed upon, for any money after it becomes due." Here, Hammer sent Meranda an invoice in August 2012 indicating unpaid balances were subject to a 1.5% per month finance charge. However, there was never any documentation signed indicating Meranda agreed to this term, and Meranda maintained throughout trial, and continues to maintain, he did not receive the invoices and did not agree to pay 1.5% interest per month.

Resolution of this issue turns on interpretation of K.S.A. 16-201. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). K.S.A. 16-201 provides prejudgment interest is assessed at the rate of 10% per annum unless some other interest rate had been agreed upon. Thus, the determinative question is whether the parties agreed on some other rate, i.e., whether a contract existed providing for some other interest rate, alleged in this case to be 1.5% per month, or 18% per year. Normally, whether a contract exists is a question of fact. *U.S.D. No. 446 v. Sandoval*, 295 Kan. 278, 282, 286 P.3d 542 (2012).

Here, Hammer conceded there was never any written agreement. The provision for a 1.5% monthly finance charge was simply included on an invoice sent after the seed was delivered. Meranda argues this provision cannot be enforced against him because he did not sign the invoice or any other documentation agreeing to pay 1.5% per month. To be enforceable under the statute of frauds, a contract must be signed by the party charged. See *Young v. Hefton*, 38 Kan. App. 2d 846, 856, 173 P.3d 671 (2007).

There is also no evidence in the record suggesting Meranda acquiesced to the 1.5% per month interest rate. Knowledge of the seller's payment terms coupled with acquiescence by the buyer can constitute an agreement to pay the charges imposed. However, without evidence the buyer was aware of the terms or agreed to pay them, there

is no implied agreement. See *Phillips v. Ratley*, 6 Kan. App. 2d 157, 160-61, 627 P.2d 339 (1981) (discussing *Henrickson v. Drotts*, 219 Kan. 435, 548 P.2d 465 [1976]). Here, Meranda denied receiving the invoices, denied agreeing to pay, and never made any payments; thus, there is no showing of acquiescence.

Without a contract or implied agreement allowing for interest greater than allowed by statute, the statutory prejudgment rate applies. Here, the rate is statutorily limited to 10% annually and should be assessed at the judgment rate thereafter.

*The district court did not err in denying Meranda's motion for new trial.*

Meranda also argues the district court erred in denying his motion for a new trial. K.S.A. 2016 Supp. 60-259(a) governs motions for new trial and leaves it in the discretion of the district court. A ruling on a motion for new trial will not be disturbed on appeal except upon a showing of abuse of discretion. *Miller v. Johnson*, 295 Kan. 636, 684-85, 289 P.3d 1098 (2012). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the decision is based on an error of law; or (3) is based on an error of fact. *Wiles*, 302 Kan. at 74.

Meranda argues the district court abused its discretion by not allowing him to present evidence regarding corruption of the plaintiff. In his brief he asserts:

> "The bench trial in this case took place on March 3, 2016. Danny Weyand testified at trial in favor of the defendant. Lanny Watkins [*sic*] testified for the plaintiff. On the evening after the trial, March 3, 2016, [Watkins] told Tim Nadell in the presence of Danny Weyand that the crop year was actually 2012. He also said [Hammer] and [Watkins] were doing what they needed to in order to protect [Watkins'] Syngenta dealership."

7

Meranda further argues he was not allowed to present evidence regarding "whether seed had been used in a test plot in Quinter, Kansas in 2013." He asserts both Hammer and Jerry Grund, a witness who testified on Hammer's behalf, had been at the test plot in 2013, even though both testified at trial that no test plot existed. Meranda fails to explain the significance of this evidence or how it would have affected the result at trial. Further, as Hammer points out, the evidence is either hearsay or multiple hearsay based solely on assertions in Meranda's motion. The record reflects Meranda did not have any witnesses present to testify at the hearing on the motion for new trial, nor did he present affidavits from the individuals who allegedly heard Watkins' statement and saw Hammer and Grund at the test plot. The district court did not err in denying Meranda's motion.

Affirmed in part, reversed in part, and remanded for the journal entry to be corrected to reflect the prejudgment and postjudgment interest rates.